IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL DONALD ROGERS** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 14-586-CG-M |
| ) | |
| **CITY OF SELMA, et al.,** ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the motion to alter or amend judgment filed by Plaintiff Michael Donald Rogers (Doc. 47) and opposition thereto filed by Defendants City of Selma, Police Chief William Riley, Officer Curtis Muhannad, and Investigator Ray Blanks (collectively, "Defendants") (Doc. 50). For the reasons stated below, the motion to alter or amend the judgment is due to be denied.

## DISCUSSION

Plaintiff brought suit against Defendants based on alleged violations of 42 U.S.C. § 1983 and various laws of the State of Alabama. (Doc. 1). Defendants' motion for summary judgment on all claims was granted by the Court on April 8, 2016. (Doc. 41). Plaintiff now asks the Court to alter or amend its earlier judgment based on four arguments.

Pursuant to the Federal Rules of Civil Procedure, Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the

entry of the judgment."[1]  The decision whether to alter or amend a judgment is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted).  Reconsideration is characterized as an "extraordinary" remedy that the court should employ "sparingly." Gougler v. Sirius Products, Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citations omitted).  Generally courts have recognized three grounds that justify reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.  Summit Medical Center of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).  In this case, Plaintiff timely filed his Motion to Alter or Amend Judgment but does not argue intervening change in controlling law or new evidence.  Therefore, the Court reviews its prior decision for clear error or manifest injustice.

First, Plaintiff argues that "[t]he inadvertent failure to properly notarize the affidavits [offered in opposition to summary judgment] is excusable neglect" and his corrected versions should be reconsidered.  (Doc. 47, p. 1).  Plaintiff contends that Rule 60(b)(1) calls for relief and reconsideration.  Defendants aver that this argument is meritless because

---

[1] In his motion, Plaintiff makes no mention to the Federal Rule of Civil Procedure he generally relies upon for relief, much less outline the appropriate legal standard.  He does briefly mention Rule 60(b)(1) but only in context of the affidavits provided in opposition to summary judgment.  But Plaintiff does title his motion a "Motion to Alter or Amend Judgment" and request that the Court "review and [ ] alter or amend its judgment …." (Doc. 47, p. 1).  Thus, the Court construes this language to mean that Plaintiff seeks relief under Rule 59(e).

Plaintiffs failed to show "good cause" for the errors in drafting the self-described "affidavits". (Doc. 50, p. 2). The Court agrees.

"On motion and just terms, the court may relieve a party … from a final judgment" when the judgment results from excusable neglect. Fed. R. Civ. P. 60(b)(1); see also S.E.C. v. Simmons, 241 Fed. App'x 660, 663 (11th Cir. 2007) (finding "claims of attorney error must be made under the more specific Rule 60(b)(1)"). The Eleventh Circuit has "demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993); see also Revere v. McHugh, 362 Fed. App'x 993, 999 (11th Cir. 2010) (applying Cavaliere); Simmons, 241 Fed. App'x at 663 (same). As unfortunate as it may be, attorney "oversight" does not justify Rule 60(b) relief in the absence of good cause even though it may "penalize innocent clients for the forgetfulness of their attorney." Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986).

Here, Plaintiff does not show good cause for deficiencies in the self-described "affidavits". Instead, Attorney Toure provides another affidavit averring that she did not instruct the notary to insert the appropriate language and has "no experience in this type of litigation." (Doc. 47-1, p.1) Both arguments are unavailing. It strains reason that affidavits and declarations require a requisite level of experience in any one particular type of litigation to appropriately oppose summary judgment. Moreover, the

3

exclusion of Plaintiff's affidavits "is not to be interpreted to say that a timely motion to correct such an error would be denied in every case." (Doc. 41, p. 5). Plaintiff had ample time correct the deficiencies before the Court entered summary judgment. That time has passed. Now, he failed to provide facts showing that he was "prevented … from submitting" a motion to correct the deficiencies "in a timely manner" before the undersigned rendered a decision. First Nat'l Life Ins. Co. v. California Pacific Life Ins. Co., 876 F.2d 877, 882 (11th Cir. 1989). Thus, the Court finds that no excusable neglect exists in the preparation of the affidavits and the earlier decision to exclude the affidavits is not clear error.

      Plaintiff's second argument insists that "the Court did not consider whether Defendants met [their] burden of showing that Plaintiff's arrest for a misdemeanor was within their discretionary authority" when the misdemeanor was not committed in Defendant Officers' presence but captured by the Selma Police Department's video surveillance system. (Doc. 47, p. 3). As to his third argument, Plaintiff contends that § 11-47-99[2] of the Code of Alabama should have been considered in the Court's analysis of Count III because it provides that "a municipality [may] be held liable for an

---

[2] Plaintiff cites to § 11-47-99 for the proposition that a municipality is liable for the negligent, carless, or unskillful acts of its officers, but the undersigned finds no such section in the Code of Alabama. However, Code of Alabama § 11-47-190 does allow for recovery against a municipality when "injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some … officer … of the municipality engaged in work therefor and while acting in the line of his or her duty …." Thus, it is presumed that Plaintiff's citation was in error and § 11-47-190 was intended.

4

injury 'suffered through neglect, carelessness[,] or unskillfulness." Id. at 2. Defendants respond that both arguments are improper for the same reason: they attempt to raise arguments Plaintiff has not previously made. (Doc. 50, p. 3).

The United States Supreme Court reasoned, "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to … raise arguments … that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see also Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") Plaintiff's second and third arguments were not made prior to being raised in the present motion. Therefore, these new arguments are improper and do not call for alteration or amendment of the judgment.[3]

---

[3] But even if Plaintiff had raised these arguments in his summary judgment response, the outcome would be the same.  In the sense that Plaintiff argues that the misdemeanor was committed outside the officers' presence, a warrantless arrest for a misdemeanor committed outside the officer's presence does not violate the Fourth Amendment as long as it was supported by probable cause.  Crosby v. Monroe County, 394 F.3d 1328, 1333 (11th Cir. 2004).  Thus, Plaintiff's argument is not cognizable since the Court concluded probable cause existed.  Also, commission of a misdemeanor "within an officer's presence or view" has been applied more liberally than Plaintiff now insists.  "The term 'in his presence' has been construed to authorize an arrest where an officer was apprised or could infer through the operation of any of his senses that a misdemeanor was being committed or attempted." Burdeshaw v. Snell, 365 F. Supp. 2d 1194, 1199 (M.D. Ala. 2005).  Further, at least one Alabama court has found that a misdemeanor is committed in an officer's presence when a third party informs an officer of the commission of a

Plaintiff's final ground for alteration or amendment is that no evidentiary basis exists from which to infer that Defendant Officers were in a state of heightened alert when they went to Plaintiff's home. (Doc. 47, p. 4). As Defendants correctly posit, this part of the Court's analysis was not dispositive in concluding that Defendants were due summary judgment for Plaintiff's excessive force claim. (Doc. 50, p. 4). Instead, Plaintiff's excessive force claim turned on whether more than *de minimis* force was applied when officers placed Plaintiff in handcuffs then in the back of the police car. This answer remains in the negative.

Thus, Plaintiff failed to show that the summary judgment was the product of clear error or resulted in manifest injustice, and this Court finds no exceptional circumstances that warrant relief from the Court's previous

misdemeanor and the officer then finds evidence supporting the basis of the misdemeanor from where the suspect is removed. See Jakes v. Alabama, 398 So. 2d 342, 346 (Ala. Crim. App. 1981). Next, Plaintiff's argument that § 11-47-190 imposes vicarious liability for Defendant employees' negligent, careless, or unskillful actions stops short of the entire analysis. Although the Alabama Legislature abrogated municipal immunity for negligent, careless, or unskillful actions of officers acting in the line of duty, a municipality is not liable unless the officer is first liable. Exford v. City of Montgomery, 887 F. Supp. 2d 1210, 1231 (M.D. Ala. 2012). In other words, the immunity granted an officer performing any discretionary function within the line and scope of his or her law enforcement duties under § 6-5-338(a) of the Code of Alabama extends to his or her principal, the municipality. Ala. Code § 6-5-338(b); Howard v. City of Atmore, 887 So. 2d 201, 2011 (Ala. 2003) ("§ 6-5-338 shields the city from liability for the alleged 'neglect, carelessness and unskillfulness'" of its officer). This shield of immunity is removed by offering evidence of willful, malicious, fraudulent, bad faith, actions beyond authority, or mistaken interpretation of the law by the officer in question. Ex parte Cranman, 792 So. 2d 392, 405 (Ala. 2000). Plaintiff offered no such evidence in this case.

6

order.

## CONCLUSION

Based on the reasons set forth above, Plaintiff's Motion to Alter or Amend Judgment (Doc. 47) is **DENIED**.

**DONE** and **ORDERED** this 19th day of May, 2016.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE